IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRAHAM ROGER-LEE DE-LUIS-CONTI,<br><br>    Petitioner,<br><br>v.<br><br>M. S. EVANS, Warden,<br><br>    Respondent. | No. C 05-02245 SBA (PR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART RESPONDENT'S REQUEST FOR EXTENSION OF TIME TO FILE ANSWER AND ADDRESSING PENDING MOTIONS**<br><br>(Docket nos. 12, 16, 21, 23) |

Petitioner, a state prisoner, filed a pro se petition for a writ of habeas corpus. The Court directed Respondent to file an answer to the petition. This Order addresses miscellaneous motions which are pending in this habeas action.

**I.     Respondent's Motion for an Extension of Time to File Answer**

Respondent moves for an extension of time to file an answer (docket no. 23). The Court has already granted Respondent's three previous requests for an extension of time. Petitioner has opposed Respondent's requests. Accordingly, Respondent's request for an extension of time is GRANTED in part and DENIED in part. The time in which Respondent may file an answer will not be extended for the requested fifty-nine days, however, the Court finds that a brief extension is appropriate. Accordingly, the parties shall abide by the scheduling order outlined below.

**II.    Petitioner's Pending Motions**

Before the Court is Petitioner's motion for appointment of counsel (docket no. 12), his motion for bail pending determination of habeas corpus (docket no. 16) and his motion to grant his petition for a writ of habeas corpus (docket no. 21).

**A.     Request for Appointment of Counsel**

This is Petitioner's second request for appointment of counsel as his previous request was denied by the Court. The Sixth Amendment's right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Pursuant to 18 U.S.C. § 3006A(a)(2)(B), however, a district court is authorized to appoint counsel to represent a habeas

petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations, see Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987); Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965), cert. denied, 382 U.S. 996 (1966), and whenever an evidentiary hearing is required, see Rule 8(c) of the Rules Governing Section 2254 Cases; United States v. Duarte-Higareda, 68 F.3d 369, 370 (9th Cir. 1995); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). The Court finds that the appointment of counsel is not necessary at this time. The Court notes that Petitioner has presented his claims adequately in the petition, and no evidentiary hearing appears necessary. Accordingly, the interests of justice do not require appointment of counsel, and Petitioner's second request is DENIED. This denial is without prejudice to the Court's sua sponte reconsideration should the Court find an evidentiary hearing necessary following consideration of the merits of Petitioner's claims.

**B.      Request for the Court to Release Petitioner on Bail and to Grant Habeas Relief**

Petitioner requests an Order from this Court releasing him on bail pending a decision on the petition or an Order granting his petition for writ of habeas corpus. Bail pending decision is reserved for extraordinary cases involving special circumstances or a high probability of success. Land v. Deeds, 878 F.2d 318, 318-9 (9th Cir. 1989). Furthermore, Petitioner has not demonstrated, or even alleged, sufficiently extraordinary circumstances to require bail pending a decision, premature habeas relief, or an Order granting his petition. Accordingly, Petitioner's requests for the Court to issue an Order releasing Petitioner on bail or an Order granting his petition for writ of habeas corpus are DENIED.

**CONCLUSION**

1.      Respondent's request for a fourth extension of time to file an answer (docket no. 23) is GRANTED in part and DENIED in part. The answer is due on **April 14, 2008.** Petitioner's traverse is due **thirty (30) days** after his receipt of the answer. Should Petitioner fail to file a traverse, the petition will be deemed submitted and ready for decision **thirty (30) days** after the date

Petitioner is served with Respondent's answer. **No further extensions of time will be granted in this case absent exigent circumstances**.

2. Petitioner's motion for appointment of counsel (docket no. 12), his motion for bail pending determination of habeas corpus (docket no. 16) and his motion to grant his petition for a writ of habeas corpus (docket no. 21) are DENIED.

3. This Order terminates Docket nos. 12, 16, 21 and 23.

IT IS SO ORDERED.

DATED: 4/1/08

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE

P:\PRO-SE\SBA\HC.05\DeLuisConti2245.4thEOT&pendMOTS.wpd

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DE-LUIS-CONTI,

        Plaintiff,

v.

DIRECTOR OF CALIFORNIA DEPARTMENT OF CORRECTIONS et al,

        Defendant.
_____/

Case Number: CV05-02245 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 2, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Graham Roger-Lee De-Luis-Conti T21195
Salinas Valley State Prison
31625 Highway 101
Soledad, CA 93960

Dated: April 2, 2008

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.05\DeLuisConti2245.4thEOT&pendMOTS.wpd