IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRAHAM ROGER-LEE DE-LUIS-CONTI,<br><br>        Petitioner,<br><br>v.<br><br>M. S. EVANS, Warden,<br><br>        Respondent. | No. C 05-2245 SBA (pr)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S REQUEST FOR CERTIFICATE OF APPEALABILITY**<br><br>(Docket nos. 31, 34, 35) |

Petitioner, a state prisoner, filed a petition for a writ of habeas corpus challenging his 2000 conviction in the Napa County Superior Court. In an Order dated August 5, 2008, the Court denied the petition on the merits. Petitioner filed a timely notice of appeal as well as multiple applications for a certificate of appealability (COA) (docket nos. 31, 34, 35), which the Court will construe as a single request for a COA.

The Court GRANTS in part and DENIES in part Petitioner's request for a COA for the reasons set forth below.

**DISCUSSION**

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a COA (formerly known as a certificate of probable cause to appeal). See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. See id. § 2253(c)(3).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Except for substituting the word "constitutional" for the word "federal," section 2253(c)(2) codified the standard announced by the United States Supreme Court in <u>Barefoot v. Estelle</u>, 463 U.S. 880, 892-93 (1983). <u>See</u> <u>Slack</u>, 529 U.S. at 483. In <u>Barefoot</u>, the Court explained that "a substantial showing of the denial of [a] federal right" means that a petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court <u>could</u> resolve the issues [in a different manner], or that the questions are adequate to deserve encouragement to proceed further." 463 U.S. at 893 n.4 (citations and internal quotations omitted; emphasis in original). Any doubts about whether the <u>Barefoot</u> standard has been met must be resolved in the petitioner's favor. <u>Lambright v. Stewart</u>, 220 F.3d 1022, 1024-25 (9th Cir. 2000).

In its August 5, 2008 Order, the Court included the following background:

> On June 29, 2000, the Napa County District Attorney charged Petitioner with three violations of California Penal Code § 136.1(c)(1), dissuading a witness by force or threat (counts 1, 13, and 17); two violations of Penal Code § 236, false imprisonment by violence (counts 3 and 28); one violation of Penal Code § 269(a)(1), aggravated sexual assault upon a child under the age of 14 years, predicated on a violation of Penal Code § 261(a)(2), rape (count 10); one violation of Penal Code § 269(a)(5), aggravated sexual assault upon a child under the age of 14 years, predicated on a violation of Penal Code § 289(a), forcible penetration with a foreign object (count 24); six violations of Penal Code § 288(b)(1), performing a lewd act by force upon a child under the age of 14 years (counts 11, 14, 15, 16, 25, and 26); ten violations of Penal Code § 288(c)(1), performing a lewd act upon a child who is 14 or 15 years old by a perpetrator at least ten years older than the child (counts 4, 5, 6, 7, 8, 19, 22, 29, 32, and 33); one violation of Penal Code § 288a(c), oral copulation by force (count 21); one violation of Penal Code § 289(a), forcible penetration with a foreign object (count 20); six violations of California Health & Safety Code § 11361(a), inducing a minor to use marijuana (counts 2, 9, 12, 18, 27, and 31); and, three violations of Health & Safety Code § 11361(b), furnishing marijuana to a minor over the age of 14 years (counts 23, 30, and 34). Due to Petitioner's personal use of a deadly weapon and his tying or binding of the victim, counts 20 and 21 were enhanced under Penal Code § 667.61(a)-(b), (e).
>
> On July 26, 2000, a jury returned a verdict of guilty on all counts except 5, 6, 7, 26, and 28. On June 8, 2001, the trial court sentenced Petitioner to 121 years-to-life in prison and imposed a $5,400 fine. (Answer at 2, 29.) The court stayed sentencing on counts 1, 3, 8, 13, 17, 19, 22, 23, 27, and 29 through 34. (<u>Id.</u> at 2.) After being appointed new counsel, Petitioner motioned for a new trial, which was denied by the trial court. On appeal, the California Court of Appeal affirmed the trial court in an unpublished opinion dated September 29, 2003. (Resp't Ex. A.) Petitioner filed a petition for review in the California Supreme Court which was denied on January 14, 2004. (Resp't Ex. C.) Petitioner filed for a writ of habeas corpus in the California Supreme Court which was denied on April 20, 2005. (Resp't Ex. D.)
>
> The instant petition was filed on June 2, 2005.

(Aug. 5, 2008 Order at 1-2.)

2

In his federal petition, Petitioner asserted the following claims: (1) ineffective assistance of counsel; (2) jury misconduct; (3) insufficiency of the evidence to support the verdict; (4) Vienna Convention rights; (5) prosecutorial misconduct; and (6) judicial misconduct. As mentioned above, the Court denied Petitioner's federal habeas corpus petition on the merits.

## I.   Ineffective Assistance of Counsel

### A.   Background

> Petitioner alleges his trial counsel failed to provide the effective assistance he was entitled to under the Sixth and Fourteenth Amendments to the Constitution. He asserts numerous grounds for his ineffective assistance of counsel claim: failure to conduct a pretrial investigation; failure to prevent the sale of the houseboat where the incidents occurred; failure to interview and call character witnesses; failure to present specific character evidence such as the victims' school grades and sexual activity; failure to object to items that "had no significance to the case" (including a police uniform and a collection of badges); failure to raise a particular defense concerning Petitioner's skin condition and the location of scars; and, failure to compel Petitioner and the victims to take lie detector tests. (Pet. at 13-24.)

(Aug. 5, 2008 Order at 8-9.)

### B.   Analysis

Based on the record evidence, a court could resolve Petitioner's ineffective assistance of counsel claims -- except for the allegation dealing with counsel's failure to compel Petitioner and the victims to take lie detector tests -- in a different manner than this Court.

Accordingly, the application for a COA is DENIED as to Petitioner's ineffective assistance of counsel claim relating to counsel's failure to compel Petitioner and the victims to take lie detector tests, and GRANTED as to Petitioner's remaining ineffective assistance of counsel claims.

## II.   Juror Misconduct

### A.   Background

> Petitioner claims his trial was corrupted by juror misconduct. (Pet. at 88.) He makes numerous claims to support his allegation. First, he suggests the sheer volume of jury instructions, which were "read continuous without any break or explanation," were impossible for any layperson to understand. (Id.) Second, he alleges the jury's verdict could not have been based on the evidence because certain parts of the record contain contradictory statements. Third, he contends a juror's statement, "Yeah, the girls were probably lying, but we convicted him anyway," indicates the jury's verdict was not based upon the evidence. (Id. at 93.) Finally, Petitioner argues the guilty verdict returned by the jury on count 29 was inconsistent with the not guilty verdict returned on count 28 and was therefore arbitrary. (Id. at 88.)

(Aug. 5, 2008 Order at 16.)

3

### B. Analysis

In its August 5, 2008 Order, the Court found that two of Petitioner's juror misconduct claims -- based on the overabundant jury instructions and the inconsistency of the verdicts -- failed because they were without merit. Therefore, the application for a COA is DENIED as to those juror misconduct claims.

However, based on the record evidence, a court could resolve Petitioner's other two juror misconduct claims -- based on insufficient evidence and the juror's statement -- in a different manner than this Court. Accordingly, the application for a COA is GRANTED as to Petitioner's juror misconduct claims based on insufficient evidence and the juror's statement.

## III. Insufficiency of the Evidence

### A. Background

> Petitioner's next claim is the evidence at trial was insufficient to support the jury's verdict. The petition contains 124 pages of parsed trial transcripts in which Petitioner points out numerous inconsistencies, forgotten details, and failures of recollection on the part of the victims. Petitioner contends these inconsistencies are so numerous that no reasonable juror could have found him guilty of the alleged acts. (Pet. at 101-225.) For example, Petitioner provides a diagram he created based upon the victims' testimony. (Id. at 158.) The diagram provides a re-enactment of the series of events that led up to counts 3, 4, and 19 (lewd acts upon a child fourteen years or younger), 20 (forcible penetration with a foreign object), and 21 (oral copulation by force) of the indictment. The incident involved Petitioner tying the victims together with rope, touching their vaginas with his hands and genitals while he was kneeling on the floor, forcing them to perform oral sex upon him, and threatening them with a butcher knife when they refused to comply. (RT 678-687, 822-824, 1081-1095.)
>
> Petitioner contends that it would have been impossible for him to make contact with the victims' vaginas with his penis based upon the height differential between the floor and the bench they sat on. Petitioner also states it would have been impossible, based upon the victims' positions, for them to orally copulate him because of the height differential between their heads and Petitioner's groin area. (Pet. at 162.) Petitioner claims these inconsistencies, among others, made it impossible for any reasonable juror to conclude he was guilty.

(Aug. 5, 2008 Order at 21-22.)

### B. Analysis

Based on the record evidence, a court could resolve Petitioner's insufficiency of the evidence claim in a different manner than this Court. Accordingly, the application for a COA is GRANTED

4

as to Petitioner's insufficiency of the evidence claim.

## IV. Vienna Convention Rights

### A. Background

Petitioner claims he was deprived of his rights under the Due Process clause of the Fifth and Fourteenth Amendments to the United States Constitution, Article 36 of the Vienna Convention on Consular Relations, December 14, 1969, 21 U.S.T. 77 ("Vienna Convention"), and Penal Code § 834c. Petitioner alleges he possessed a right to contact the British consulate and the authorities were mandated to notify his consulate that he was being detained. (Pet. 61-65 (citing Penal Code § 834c(d).) Petitioner contends while he was incarcerated in Arizona and after he was extradited to California, he was denied access to counsel and the ability to contact his consulate in violation of international treaties which are "the Supreme Law of the Land." (Id. at 65 (citing U.S. Const. art. VI).)

(Aug. 5, 2008 Order at 30.)

### B. Analysis

The Court denied Petitioner's Vienna Convention claim after careful consideration of the merits. Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Furthermore, Petitioner has not demonstrated that "reasonable jurists" would find the district court's assessment of the Vienna Convention claim "debatable or wrong." Slack, 529 U.S. at 484. Accordingly, Petitioner's request for a certificate of appealability as to his Vienna Convention claim is DENIED.

## V. Prosecutorial Misconduct

### A. Background

Petitioner claims prosecutorial misconduct deprived him of his constitutional rights. Petitioner alleges that the prosecution withheld potentially exculpatory evidence, such as a houseboat, a silver "air pistol," and an audio tape recording; instructed a witness, Matt Ramsey, to testify falsely; and, intimidated a victim, Jessica Z., to testify falsely. (Pet. at 80-86.)

(Aug. 5, 2008 Order at 24.)

### B. Analysis

Based on the record evidence, a court could resolve Petitioner's prosecutorial misconduct claims in a different manner than this Court. Accordingly, the application for a COA is GRANTED as to Petitioner's prosecutorial misconduct claims.

### VI. Judicial Misconduct

#### A. Background

Petitioner lists numerous instances in which he believes the trial judge acted improperly during and after his trial.  First, Petitioner claims the trial judge should have dismissed the charges against him when the judge discovered that his Vienna Convention rights were violated.  (Pet. at 97.)  Second, he contends the judge imposed an "impossible amount of bail[,]" $1,000,000, which amounted to cruel and unusual punishment.  (Id.)  Third, he claims that he was "marched from the new Court [sic] house to the Old Court [sic] house through the streets of Napa in chains under heavy escort in front of the general public and potential jurors."  (Id. at 98.)  Fourth, he claims he was prejudiced at trial based upon the judge's decision to allow two police officers to sit directly behind him.  (Id.)  Fifth, he claims he was denied counsel at his arraignment.  (Id. at 97.)  Sixth, he claims the judge imposed his sentence without listening to anything said at the hearing.  (Id. at 100.)  Seventh, he claims the judge denied his new trial motion without reviewing it.  (Id. at 99)  Eighth, he claims he was denied the effective assistance of counsel in preparing and presenting his new trial motion.  (Id.)  Ninth, he claims the fine imposed by the court amounts to cruel and unusual punishment.  (Id.)  Tenth, he claims the judge imposed a sentence which also amounts to cruel and unusual punishment.

(Aug. 5, 2008 Order at 33.)

#### B. Analysis

The Court denied Petitioner's judicial misconduct claims after careful consideration of the merits.  Petitioner has not made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Furthermore, Petitioner has not demonstrated that "reasonable jurists" would find the district court's assessment of his judicial misconduct claims "debatable or wrong."  Slack, 529 U.S. at 484.  Accordingly, Petitioner's request for a certificate of appealability as to his judicial misconduct claims is DENIED.

### CONCLUSION

For the foregoing reasons, Petitioner's request for a COA is GRANTED in part and DENIED in part, as outlined above.

The Clerk of Court shall process the notice of appeal, terminate all pending motions and transmit the case file to the Court of Appeals, including copies of: (1) the Notice of Appeal (docket no. 32); (2) the applications for a COA (docket nos. 31, 34, 35); (3) the Order denying the petition for a writ of habeas corpus (docket no. 29); and (4) this Order.  See Fed. R. App. P. 22(b); Asrar, 116 F.3d at 1270.

1   This Order terminates Docket nos. 31, 34 and 35.

2   IT IS SO ORDERED.

3   Dated: 9/15/09

4   _____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE-LUIS-CONTI, | Case Number: CV05-02245 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| DIRECTOR OF CALIFORNIA DEPARTMENT OF CORRECTIONS et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 16, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Graham Roger-Lee De-Luis-Conti T21195
Salinas Valley State Prison
31625 Highway 101
Soledad, CA 93960

Dated: September 16, 2009

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.05\DeLuisConti2245.COA.frm       8