IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GRAHAM ROGER-LEE DE-LUIS-CONTI, )   No. C 05-2245 SBA (pr)
                Petitioner, )
v. )   **ORDER GRANTING PETITIONER'S MOTION FOR AN EXTENSION OF TIME TO FILE A NOTICE OF APPEAL**
M. S. EVANS, Warden, )
                Respondent. )

Petitioner, a state prisoner, filed a petition for a writ of habeas corpus challenging his 2000 conviction in the Napa County Superior Court.

In an Order dated August 5, 2008, the Court denied the petition on the merits.

Petitioner filed a notice of appeal on September 5, 2008[1] as well as multiple applications for a certificate of appealability (COA), which the Court construed as a single request for a COA.

Thereafter, the Court found that the notice of appeal was timely filed, and issued an Order granting in part and denying in part the request for a COA, stating:

> Petitioner filed a **timely** notice of appeal as well as multiple applications for a certificate of appealability (COA) (docket nos. 31, 34, 35), which the Court will construe as a single request for a COA. The Court GRANTS in part and DENIES in part Petitioner's request for a COA.

(Sept. 15, 2009 Order at 1 (emphasis added).)

Before the Court is an Order from the Ninth Circuit Court of Appeals, which has construed Petitioner's notice of appeal to include a motion for an extension of time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5). The Ninth Circuit has remanded Petitioner's case to this Court for the limited purpose of allowing it to rule on Petitioner's motion for an extension of time. The Ninth Circuit states that Petitioner has not demonstrated that his notice of

---

[1] The Court applies the "mailbox rule" to deem the notice of appeal filed on September 5, 2008, the date it was signed. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and remanded on other grounds by Carey v. Saffold, 122 S. Ct. 2134 (2002) (A federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than the date it is received by the courts -- this is known as "the mailbox rule.")

appeal was "filed or delivered to prison officials within 30 days from the entry of the August 5, 2008 judgment."  (Ninth Cir. Order at 1.)  Respondent has filed an opposition to the late notice of appeal, and Petitioner has filed a response to the opposition.

## DISCUSSION

Relief from the deadline for a timely notice of appeal may be obtained by a motion in the district court under Rule 4(a)(5) (motion for an extension of time).  Rule 4(a)(5) allows a motion for an extension of time if the party requests it within thirty days of the expiration of the time to file the notice and shows excusable neglect or good cause.  See Fed. R. App. P. 4(a)(5).

In the instant case, as mentioned above, this Court previously found that Petitioner's notice of appeal was timely filed when it issued its Order ruling on his request for a COA.  (Sept. 15, 2009 Order at 1.)  Because the Ninth Circuit has remanded this action to this Court for the limited purpose of ruling on the pending motion for an extension of time, this Court shall now: (1) again review whether Petitioner's notice of appeal was timely filed; and (2) rule on whether to grant or deny his motion for an extension of time to file a notice of appeal.

As mentioned above, Petitioner filed the notice of appeal on September 5, 2008.  Respondent argues that Petitioner had "until Thursday, September 4, 2008, to deposit the notice of appeal with the institution for filing."  (Opp'n at 3.)  Petitioner filed his notice of appeal thirty-one days after the August 5, 2008 judgment was entered; therefore, it appears that Respondent's argument has merit.  Thus, Petitioner must show excusable neglect or good cause under Rule 4(a)(5) for the one-day delay.

The United States Supreme Court has held that "neglect" encompasses faultless omissions and omissions caused by carelessness, and that the determination whether neglect was "excusable" is an equitable one, taking account of all relevant circumstances surrounding a party's omission. Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 388, 392, 395 (1993) (addressing phrase "excusable neglect" in Rule 6(b) of the Federal Rules of Civil Procedure).  In evaluating whether neglect is excusable under Rule 4(a)(5), a district court must consider the four factors established by the United States Supreme Court in Pioneer: "(1) the danger of prejudice to

2

the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." <u>Pincay v. Andrews</u>, 389 F.3d 853, 855 (9th Cir. 2004) (en banc) (citing <u>Pioneer</u>, 507 U.S. at 395). The weighing of <u>Pioneer</u>'s equitable factors is left to the discretion of the district court "in every case." <u>Id.</u> at 860.

Although "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect," <u>Pioneer</u>, 507 U.S. at 392, the Ninth Circuit has held that there is no rigid legal rule against late filings attributable to any particular type of negligence, such as delegating an obligation to know a rule to a non-lawyer or failure to read or understand an unambiguous federal rule, such as the rule governing time to appeal. <u>Pincay</u>, 389 F.3d at 858-60. Thus, in <u>Pincay</u>, the Ninth Circuit held that the district court did not abuse its discretion in finding excusable neglect where the attorney missed the deadline to appeal because he had delegated that responsibility to a paralegal who, in turn, miscalendared the deadline. <u>Id.</u> The Ninth Circuit has found the <u>Pioneer</u> factors applicable in habeas corpus cases. <u>Mendez v. Knowles</u>, 556 F.3d 757, 765 (9th Cir. 2009).

Given the above principles, the failure of Petitioner to meet the thirty-day filing deadline to file the notice of appeal by a mere **one day** constitutes excusable neglect. First, there is no evidence or claim that allowing Petitioner a one-day extension of time to file the notice of appeal will result in any prejudice to Respondent. Second, the one-day delay is minimal and there is no showing of any negative impact on any judicial proceedings from such delay. Third, the delay was presumably the result of the carelessness and neglect of Petitioner, who is a <u>pro se</u> prisoner, in determining the proper filing deadline. Finally, there is no evidence that Petitioner's delay in filing was the result of bad faith. Accordingly, a balancing of these factors militates in favor of finding excusable neglect and granting Petitioner's motion for an extension of time to file a notice of appeal. <u>Cf.</u> <u>Mendez</u>, 556 F.3d at 765-67 (finding excusable neglect where attorney mailed notice of appeal two days before deadline, and it arrived day after deadline). Moreover, as to the discretion of this Court in analyzing what constitutes excusable neglect, there is no evidence indicating a lack of diligence on behalf of Petitioner. Lastly, the likelihood of injustice if the motion for an extension of time to file a notice of

3

1 appeal is denied is not negligible; therefore, it weighs in favor of allowing such an extension.

2 Accordingly, Petitioner's motion for an extension of time to file a notice of appeal is
3 GRANTED.  Because the September 5, 2008 filing date is one day after the deadline, the Court
4 GRANTS a one-day extension of time for Petitioner to file a notice of appeal.  Based on this Court's
5 decision, Petitioner's notice of appeal is considered to be timely filed.

6 The Clerk of the Court shall send a copy of this Order to the Ninth Circuit.

7 IT IS SO ORDERED.

8 Dated: 1/18/11                                                   _____
9                                                      SAUNDRA BROWN ARMSTRONG
                                                     United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DE-LUIS-CONTI,

        Plaintiff,

  v.

DIRECTOR OF CALIFORNIA DEPARTMENT OF CORRECTIONS et al,

        Defendant.

Case Number: CV05-02245 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 19, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Graham Roger-Lee De-Luis-Conti T21195
Corcoran State Prison
P.O. Box 5242
Corcoran, CA 93212

Dated: January 19, 2011

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk